# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| JOHNY SCRUGGS and MALINDA SCRUGGS,<br><br>　　Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, UNIMIN CORPORATION, ABC CORPORATION, EFG CORPORATION, XYZ CORPORATION, and JOHN DOES 1-5,<br><br>　　Defendants. | Case No. CV411-203 |

## ORDER

One day in July 2009 Johny Scruggs, a truck driver, delivered a load of lime to International Paper Co.'s (IP's) Savannah, Georgia paper mill. Doc. 35 at 3.[1]  While there, he stepped in some liquid which, when it combined with the lime, burned his feet.  *Id.*  He thus brought this premises liability case against IP and others.  Doc. 1-2 at 4.  His wife joined him with a loss of consortium claim.  *Id.*  For convenience, the Court hereafter will refer only to Johny Scruggs.

Scruggs moves to compel IP to allow him to videotape the area of its

---

[1] For the purposes of this motion, the Court is accepting as true his status report's factual assertions.  Doc. 35 at 3.

premises where he was injured.[2]  Doc. 29.  IP opposes.  Doc. 32.

## I. GOVERNING STANDARDS

A party may serve on any other party a request, within the scope of Fed. R. Civ. P. 26,

> to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, *photograph*, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(2) (emphasis added).  "Rule 34 permits the observation of machinery, work practices, or manufacturing operations on a party's premises." *Lykins v. CertainTeed Corp.*, 2011 WL 6337631 at * 4 (D. Kan. Dec. 19, 2011) (quotes and cite omitted).  A Rule 34(a)(2) request

> must set forth the property to be inspected and specify a reasonable time, place, and manner for the inspection and for performing the related acts. If the parties differ as to whether an inspection is appropriate, the court must balance the respective interests by weighing the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection.[3]  Whether or not to permit an inspection pursuant to

---

[2]  The defendants removed the case from state court to this Court but Scruggs, citing a "unanimity defect," moves to remand it back.  Docs. 1 & 12.  Defendants move to amend the removal petition to address that defect assertion.  Doc. 20.  Finally, one defendant moves to dismiss the complaint.  Doc. 7.  Those motions are before the district judge.

[3]  "Where the burdens and dangers that would accompany a proposed study outweigh the degree to which the proposed study will aid in the search for the truth, the study should not be permitted." *Lykins*, 2011 WL 6337631 at * 5.  But the

2

Rule 34 is within a court's discretion. *Morris v. Cabelas*, 2011 WL 2516904 at * 1 (D. Kan. Jun. 23, 2011) (quotes and footnotes omitted; footnote added). To prevent wasted efforts (e.g., waiting for a party to show up to videotape premises and *only then* objecting), a party must seasonably object or waive the right to do so.[4] Rule 34 does not require any particular form, and IP did not object to the "e-mail" Rule 34 notice that Scruggs evidently deployed here.  Doc. 29 at

---

"inspectee" must make a "particularized showing" of undue burden, danger, or other reason for blocking the inspection.  *Id.* at * 6.  Vague, generalized assertions, therefore, will not suffice.  The defendant must "provide a detailed explanation as to the nature and extent of the claimed burden." *McDonald v. Kellogg Co.*, 2011 WL 484191 at * 2 (D. Kan. Feb. 7, 2011).  And that must be done in light of the fact that "that relevance for discovery purposes is much broader than relevance for trial purposes. . . ." *Adelman v. Boy Scouts of Am.*, 2011 WL 3648573 at * 6 (S.D. Fla. Aug. 19, 2011) (quotes and cite omitted).

[4]   As one court recently summarized:

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)). A party may waive any general privileges in this manner. *See, e.g., Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 5 (11th Cir. 1986) (finding no error in court ruling that Fifth Amendment privilege was waived by failure to timely assert it); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection.... This is true even when the party objects to disclosure because it claims that the information sought is privileged.").

*Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563 at * 2 (S.D. Fla. Jun. 8, 2011). Waiver is not automatic, but will be enforced if, for example, a party has been neglectful or, worse, their inaction is part of "a larger, calculated strategy of noncompliance." *Ransom v. M. Patel Enterprises, Inc.*, 2011 WL 3439255 at * 3 (W.D. Tex. Aug. 5, 2011) (cite omitted).

3

35 (Nov. 14, 2011 email from Scruggs's counsel to IP's: "In addition to the lime unloading area, I would like to see [IP's] control room where Mr. Scruggs first reported and the first aid station where his wounds were treated."); *id.* ("We will be taking photographs and video."); *see also* doc. 26 at 4-5 (formal Rule 34 Request contained within motion for inspection).

Finally, Fed. R. Civ. P. 37 governs motions to compel:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: .... (iv) a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). "Where the discovery sought is relevant on its face, the party resisting discovery has the burden to support its objection." *McDonald*, 2011 WL 484191 at * 2.

## II. ANALYSIS

Scruggs's lawyer, Paul W. Painter, III, says that after considerable back-and-forth he had negotiated a site inspection (by plaintiffs' experts) with IP's counsel, Thomas C. Quinlen. Doc. 29 at 3-4. Yet Quinlen later reneged. *Id.* at 4. So, Painter moved this Court to compel a Rule 34(a)(2) (including by video) inspection. *Id.*; *see also* doc. 26 at 4 Quinlen then again agreed, so Painter withdrew his motion. Doc. 27;

doc. 29 at 4. Yet, Quinlen then e-mailed him and disallowed any "unreviewed" photography (i.e., all must pass through IP personnel first), citing "proprietary" reasons. Doc. 29 at 4-5, 33. Painter refused that condition but offered to consent to a protective order. Quinlen said he would draft one. Yet, he did not present it to Painter until *after* the inspection, during which Quinlen (citing an undisclosed "mill policy" of which Quinlen now says he had been unaware, doc. 32 at 4) prevented Scruggs' experts from shooting any video. Doc. 29 at 5-6; *see also* doc. 28 (the post-inspection Protective Order). Reminding this Court that he has been trying to honor discovery (including their expert witness report) deadlines, Scruggs thus seeks an order of compulsion plus, as a sanction, re-inspection (via video) costs. Doc. 29 at 6.

IP does not deny plaintiff's assertions, and thus the Court accepts that Quinlen equivocated as to terms, delayed the inspection, and failed to communicate the terms of the inspection to IP so that it would permit video recording. Quinlen's actions, then, forced court intervention in this relatively routine discovery matter. It points out, however, that Scruggs (from the inspection that *it* interrupted) has now taken over 160 photographs of its mill and has questioned various deponents about them.

5

Doc. 32 at 1. In other words, it opines, Scruggs now has enough information that further discovery is unnecessary. Too, it emphasizes, Scruggs has already furnished his expert witness reports to IP, specifically using that still-photo site visit in the process. *Id.* at 1-2. In any case, IP insists, this was a "miscommunication between [IP] and its counsel," meaning that Quinlen had been unaware of his own client's no-video policy until IP employees interdicted Scruggs's video efforts that day. *Id.* at 2. And Quinlen says he simply failed to warn mill employees about it; unguided, they simply enforced IP's strict, no-video policy. *Id.* Finally, says IP, the

> video is cumulative, duplicative, and can be obtained from a more convenient, less burdensome, less expensive source. IP has offered to provide Plaintiffs with video *taken by mill personnel* of the relevant areas of the mill. The burden and expense of a second site inspection, including Plaintiffs' experts' attendance, just so Plaintiffs can make their own video, outweighs the likely benefit to Plaintiffs. [IP] has offered to provide Plaintiffs with video obtained by much simpler, safer, less expensive means. Accordingly, Plaintiffs have had the opportunity to obtain the information they seek. Finally, [IP] submits that the burden and expense of a second site inspection, with experts, outweighs the likely benefit of allowing Plaintiffs to make their own video of the Mill, especially in light of [IP's] offers to provide Plaintiffs with video.

Doc. 32 at 4 (emphasis added).

Quinlen's after-the-fact rationalizations bespeak an attitude that,

left unchecked, may well grow into a norm this Court long ago rejected. *See, e.g., Malautea v. Suzuki Motor Corp.*, 148 F.R.D. 362, 373-74 (S.D. Ga. 1991) (sanctioning both defendant *and* its counsel for bad faith discovery conduct), *aff'd, Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).[5]

Stated differently, IP's conduct and objections are unreasonable, if not in bad faith, and thus Scruggs is entitled to his video inspection at IP's expense. At best IP quibbles[6] and seeks to back-door the "no-video" protective-order motion that it should have filed *before* forcing Scruggs to seek judicial relief. Doc. 32. And its proposed remedy -- to let *IP itself* videotape its own premises -- is patently unreasonable. Scruggs is entitled to control his own videotaping and evidentiary presentation, not

---

[5] Obstructionist discovery tactics cost not just an opposing party, but also this Court and thus the taxpayers. Deterrence therefore is warranted. *See, e.g., Jones v. Ill. Cent.R. Co.*, 617 F.3d 843, 854-55 (6th Cir. 2010) (conduct of train owner's counsel in resisting request for documents relating to train crew interviews on grounds of attorney-client or work product privilege was vexatious and unreasonable in negligence action brought by wife of motorist injured in collision with train).

[6] If Quinlen failed to alert his own client's employees of a valid discovery request, then it is he, not Scruggs, who must bear the cost of that negligence. IP's own preference against videotaping belongs in an objection which, because it is now waived as untimely, can no longer serve as "cause" to block this form of discovery. For that matter, vague and conclusory "proprietary" assertions go nowhere. *Ojeda-Sanchez v. Bland Farms, LLC*, 2009 WL 2365976 at *3 (S.D. Ga. Jul. 31, 2009); *see also United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (a party seeking a protective order must show not just speculative harm but must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").

7

to mention protect his own litigation strategy.  The Court also rejects IP's complaint that it will now be burdened by a second site inspection, for IP caused this burdening by its own conduct (and it is unreasonable to shift onto Scruggs the cost of Quinlen's ignorance of his own client's policy).

Rule 37 requires the award of reasonable expenses unless the defendants' obstruction was substantially justified or other circumstances render such an award unjust.  Fed. R. Civ. P. 37(a)(5)(A); *Adelman*, 2011 WL 3648573 at * 20.  IP's conduct was not substantially justified, and no circumstances here would render it unjust for IP to pay Scruggs's re-inspection (with video) costs.  Within 14 days [7] IP shall allow unobstructed, unconditional videotaping of the areas plaintiff first tried to inspect.[8]  The parties shall attempt to resolve the videotaping payment between themselves, short of which they may seek judicial guidance.

**SO ORDERED** this 12th day of January, 2012.

> /s/ G. R. Smith
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA

---

[7]  The Court **GRANTS** the parties' Joint Motion to Extend the Scheduling Order.  Doc. 37.  Discovery will now end on February 17, 2012.

[8]  All "proprietary" objections must be detailed in a sworn affidavit, from a competent company official, showing that the area to be inspected *actually will* expose bona fide, market-loss susceptible proprietary information to inspecting party.

8