# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHNY SCRUGGS and MALINDA SCRUGGS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Case No. CV411-203 |
| INTERNATIONAL PAPER COMPANY, UNIMIN CORPORATION, ABC CORPORATION, EFG CORPORATION, XYZ CORPORATION, and JOHN DOES 1-5, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **ORDER**

Johny Scruggs is a truck driver who burned his feet while walking through some liquid when he delivered a load at defendant International Paper Co.'s (IP's) Savannah, Georgia mill. He brought this premises-liability case against IP. Doc. 1-2. His wife brings a consortium claim. *Id.* at 4. Before the Court is one of a series of discovery disputes arising between the parties. *See Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698 (S.D. Ga. 2012) (resolving video inspection issue); doc.

38; doc. 26.[1] This time, their disagreement arises from plaintiffs' motion to compel, doc. 41, and it turns on the obligation of discovery targets to disclose requested information that can lead to admissible evidence. *See* docs. 45, 48 & 51. Targets have the right to deflect irrelevant, harassing, and otherwise inappropriate discovery by objecting. Hence, discovery like interrogatories, document requests, and requests to admit is sometimes met -- as was the case here -- with responses prefaced by "general objections."

But general objections can be misused, especially if not linked to a specific discovery response. *See, e.g., Robinson v. City of Arkansas City, Kan.*, 2012 WL 603576 at * 6 (D. Kan. Feb. 24, 2012) (condemning the tactic); *Williams v. Taser Intern., Inc.*, 2007 WL 1630875 at * 3 n. 3 (N.D. Ga. Jun. 4, 2007). Some courts even forbid them. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"); *Russell v. Daiichi-Sankyo, Inc.*, 2012 WL 1161435

---

[1] IP also seeks sanctions for plaintiffs' alleged spoliation of evidence. Doc. 54. It further moves to compel the production of Johny Scruggs's medical records. Doc. 72. Finally, it wants to reopen discovery in quest of his worker's compensation history. Doc. 74. Those motions will be reached in a separate order.

at \* 1-2 (D. Mont. Apr. 6, 2012); *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693-94 (N.D. Fla. 2011); *see generally* 8B WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2173 n. 3 (2012). Plaintiffs have disputed their use here, demanding that IP withdraw them. IP refuses, so plaintiffs move this Court to compel IP's answers shorn of same. Doc. 41. They basically want them banned. *Id.* at 6 (urging interpretation of Local Rule 26.5 to conclude that they are "patently improper").

IP disagrees. It also complains that plaintiffs' counsel -- Paul W. Painter, III -- failed to comply with the very Local Rule that is designed to curtail such time-consuming motions: Local Rule 26.5(c) ("Counsel are reminded that Fed. R. Civ. P. (26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.").[2] That rule, IP reminds, obligates counsel to *in good faith* attempt to negotiate out such disputes and certify same in the discovery compulsion motion.[3] Doc. 45; *see also* doc. 51 at 3-7. Painter, IP says, at best made a

---

[2] Here the "certification" consists of copies of emails plus a "good faith" letter from Mr. Painter to IP's counsel. Doc. 41 at 39-91; *see also* doc. 26 at 8-28 (earlier discovery motion with no certification and attaching only an email exchange).

[3] Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources. *Avera v. United Airlines, Inc.*, 2012 WL 794160 at \* 2

3

superficial attempt to resolve this dispute and the correspondence between them proves that point. Doc. 45 at 5-7; *see also* doc. 48 (Painter seeks to cure his inadvertent initial failure to append a "confer" certificate by doing so in conjunction with plaintiffs' *reply* brief); doc. 51 at 3-7 (that won't do, IP replies, especially since Painter has *yet* to confer with it in good faith). For that matter, says IP, it has fully responded to plaintiffs' discovery. Doc. 45 at 7-19; doc. 51 at 1-3, 8-16.

There is an argument for the use of general objections -- they save time and repetition -- and IP makes it here. As noted above, however, there are many arguments against them. That issue will not be resolved now, however, because the lawyers here are professionals. Hence, while the Court will not deem Mr. Painter's certification omission *per se* deficient, the unduly long trail of disputatious litigation here warrants imposition of the more comprehensive certification requirements found in *Williams v. The Art Institute of Atlanta*, 2006 WL 3694649 at * 13 (N.D.

---

(11th Cir. Mar. 13, 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *In re Rhodes Companies, LLC*, ___ F.Supp.2d ___, 2012 WL 1512509 at * 6 (D. Nev. Apr. 30, 2012) (affirming bankruptcy court's denial of protective-order motion based on moving party's failure to include such certification, rejecting "futility" assertion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271 at * 8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

Ga. Sep. 1, 2006) (denying motion for a protective order: "Even if Plaintiff had presented such certification, the Court would find that the parties had not conferred in good faith. Based on the materials submitted, it appears that the parties traded faxes and/or letters concerning the date of Plaintiff's deposition. This correspondence by fax and letter fails to indicate that the parties *actually verbally discussed* the scheduling of the deposition or tried to resolve the dispute without bringing the Court into the discovery dispute. This manner of communicating does not demonstrate the good faith efforts that the rules envision.") (emphasis added). Neither face-to-face nor telephone contact is necessarily essential to the "good faith" certification requirement in every case. Sometimes letters, emails, or faxes will suffice. But under the circumstances here, the Court is persuaded that more is required than a mere back and forth salvo of papers. Accordingly, the Court directs that the lawyers personally *confer*, if only by telephone, and if in good faith they cannot resolve this matter, then plaintiffs may renew the instant motion. For the moment, then, it (doc. 41) is **DENIED WITHOUT PREJUDICE**.

    **SO ORDERED** this __24th__ day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA